UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WILFREDO BAQUEDANO,

                Plaintiff,

                                                      Case No.
                                                      COMPLAINT
       -against-                                    JURY TRIAL DEMANDED


JOSE MALDONADO d/b/a J'S CUSTOM CONTRACTING, and
J'S CUSTOM CONTRACTING INC.,

                Defendants.
-----------------------------------------------------------------X

       Wilfredo Baquedano, Plaintiff, by and through his attorneys at *Heriberto A. Cabrera & Associates*, as and for their Complaint against Jose Maldonado d/b/a J'S Custom Contracting and J'S Custom Contracting Inc. ("Defendants"), respectfully alleges as follows:

## INTRODUCTION

1. This is a suit to recover unpaid overtime and spread of hours compensation from the Defendants, pursuant to New York State Labor Law Sections 190 *et seq* ("NYSLL") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. This action seeks unpaid overtime wages, minimum wages, spread of hours, liquidated damages, notice violations, reasonable attorney's fees, costs, and pre and post-judgment interest for Defendants' willful failure to pay overtime, minimum wages and spread of hours, inter-alia, to Plaintiff Wilfredo Baquedano (hereinafter "Baquedano").

3. Plaintiff Baquedano demands a jury trial on all issues that may be tried by a jury.

1

## PARTIES

4. Plaintiff Baquedano is a resident of Kings County, State of New York and, he was an employee of Defendants as a construction worker who reported to work in behalf of Defendants to various construction sites principally throughout the City of New York.

5. Upon information and belief, J'S Custom Contracting Inc. (hereinafter "J'S Contracting"), is a domestic corporation doing business within the State of New York, County of Kings, and has a principal place of business in Kings County at 9 Prospect Park West Brooklyn, NY.

6. Upon information and belief, defendants are at present and have been at all times relevant to the allegations in this Complaint been an enterprise engaged in interstate commerce within the meaning of FLSA Section 203(b) in that it has and has had employees engaged in interstate commerce or in production of goods for interstate commerce as well as handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce by any person; and they have each had annual gross volume sales of not less than $500,000.

7. J'S Contracting is an "employer" within the meaning of 29 U.S.C. Section 203(d) and NYSLL Section 190(3) that runs and profits from business operations as a contracting company based at 9 Prospect Park West Brooklyn, NY where Defendants controlled the terms, conditions and pay practices relating to the Plaintiff.

8. Upon information and belief, Defendant Jose Maldonado d/b/a J'S Custom Contracting (hereinafter "Maldonado"), is an individual and a natural citizen doing business within the State of New York, and has a principal place of business in Kings County at 9 Prospect Park West Brooklyn, NY.

9. Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. Section 203(e)(1) and NYSLL Section 190(2).

10. Upon information and belief, Defendant Maldonado is an individual who maintains his principle place of business in Brooklyn, NY and serves as a principal manager and/or substantially controls the operations of Defendant J'S Contracting through which he acted as an employer, as understood by the FLSA and NYSLL, of the Plaintiff by controlling the terms and conditions and pay practices related to the Plaintiff's work.

## JURISDICTION AND VENUE

11. This court has subject matter jurisdiction over Plaintiff's Fair Labor Standards Act ("F.L.S.A.") claims pursuant to 28 U.S.C. § 1331 and § 1337 and supplemental jurisdiction over Plaintiffs' NYSLL claims pursuant to 28 U.S.C. § 1367.

12. This Court also has jurisdiction over Plaintiff's F.L.S.A. claims pursuant to 29 U.S.C. § 201 et seq. and in particular, 29 U.S.C. § 216(b).

13. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because this action concerns wages and hours violations that occurred within the Judicial District and all parties reside in and/or conduct business within the Judicial District.

## FACTS

3

14. At all times relevant to this Complaint, Plaintiff received payments from Defendants and was economically dependent on Defendants in regards to making her living.

15. Defendants had the power to hire and fire employees including Plaintiff.

16. Defendants supervised and controlled Plaintiff's work schedules and/or conditions of employment.

17. Defendants, through their agents, determined the rate and method of payment of Plaintiff's wages.

18. Plaintiff worked for Defendants principally as a construction worker at different locals principally in the City of New York from on or about the year 1997 to March 5, 2020 at different locations which were controlled by Defendants.

19. During his period of employment with Defendants, Plaintiff worked five to seven days per week at the worksites for shifts that were routinely eight to eleven hours in a single day.

20. Plaintiff worked for Defendants from on or about 8:30 A.M. to 4:30 P.M., three days per week on regular week days.

21. Plaintiff worked for Defendants from on or about 8:30 A.M. to 7:30 P.M., two days per week on regular week days.

22. Plaintiff worked for Defendants from on or about 8:30 A.M. to 4:30 P.M., on Saturday and Sunday on alternate weeks.

23. During his period of employment with Defendants, Plaintiff was paid a regular rate of $140.00 per day in the year 2014 which sum was increased intermittently. In 2020 the rate of regular pay was increased by Defendants to $180.00 per day.

4

24. Plaintiff was paid a premium overtime rate of $35.00 per hour when he worked overtime hours from Monday to Friday.

25. Plaintiff was not paid a premium overtime rate of $35.00 per hour for the hours he worked on Saturdays and Sundays.

26. Defendants' policy and practice was to be deliberately and/or willfully indifferent to the amount of regular wages and overtime wages that Plaintiff was entitled to under the law.

27. At all times, Defendants' policy and practice in regards to paying wages to Plaintiff had been willful in its violation of the relevant federal and state labor laws.

## FIRST CAUSE OF ACTION

*Failure to Pay Overtime Wages (Federal)*

28. Plaintiff re-alleges paragraphs 1- 27 of this Complaint as if set forth fully herein.

29. Plaintiff was a non-exempt employee of the Defendants as understood by the FLSA at all relevant times.

30. At all relevant times, Plaintiff was not paid time and a half based on his regular hourly rate of pay for any and all hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207.

31. Plaintiff routinely worked hours in excess of 40 hours per week.

32. Said failure to pay was willful within the meaning of 29 U.S.C. § 260.

33. Thus, pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to back pay for unpaid overtime wages, in an amount to be determined at trial, liquidated damages,

reasonable attorneys' fees, and costs.

## SECOND CAUSE OF ACTION

*Failure to Pay Overtime (State)*

34. Plaintiff re-alleges paragraphs 1-33 of this Complaint as if set forth fully herein.

35. Plaintiff was employed by the Defendants within the meaning of the New York State Labor Law §§ 2(7) and § 190(2).

36. Defendants failed to pay Plaintiff overtime wages at a rate at least one and a half times their regular rate of pay for each hour worked in excess of forty hours per week.

37. Plaintiff routinely worked hours in excess of 40 hours a week.

38. Defendants' failure to pay overtime wages to Plaintiff violated New York Labor Law which requires employers pay employees overtime for hours worked in excess of 40 hours per week at the rate of one and a half times the employee's regular hourly wage or the prevailing minimum wage (whichever is greater).

39. Said violations have been willful within the meaning of New York State Labor Law § 198(1-a).

40. Thus, Plaintiff is entitled to recover from Defendants unpaid overtime wages in an amount to be determined at trial, and an amount equal to those unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees, costs of this action and pre-judgment interest.

## THIRD CAUSE OF ACTION

*Failure to Provide Wage Notices & Wage Statements (State)*

41. Plaintiff re-allege paragraphs 1-40 of this Complaint as if set forth fully herein.

42. Defendants at all times failed to provide Plaintiff with any and all wage notices and/or wage statements that Defendants were obligated to provide to Plaintiff pursuant to NYSLL, particularly the New York State Wage Theft Prevention Act.

43. The Defendants' failure to provide Plaintiff with the aforementioned notices and statements were willful and malicious and/or reckless and/or negligent.

44. Thus, Plaintiff is entitled to statutory damages and attorney's fees for such failures by Defendants and such other relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION

*Failure to Pay Spread of Hours (State)*

45. Plaintiff re-allege paragraphs 1-44 of this Complaint as if set forth fully herein.

46. Defendants have not paid Plaintiff his due additional hour of pay for shifts where Plaintiff worked in excess of 10 hours as required by NYSLL while making less than or at minimum wage.

47. Such failure to pay was willful within the meaning of NYSLL § 198(1-a).

48. Defendant's willful and intentional failure to pay the spread of hours violates the New York State Code of Rules and Regulations, Title 12, § 142-2.4, which requires employers to pay an additional hour at minimum wage when an employee works in excess of 10 hours in a single day.

49. Plaintiff is entitled to compensatory damages for Defendants' failure to pay

the required spread of hours for each day they worked more than 10 hours, as well as liquidated damages, reasonable attorney's fees, costs and prejudgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaration that the Defendants' acts and practices complained of herein are willful violations with the meaning of 29 U.S.C. § 260 and NYSLL § 198(1-a).

b. Directing Defendants to make Plaintiff whole for all unpaid overtime wages, and spread of hours pay due as a consequence of Defendant's violation of FLSA and NYSLL;

c. Directing Defendants to pay Plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. § 216(b) and NYSLL § 198(1-a).

d. Awarding Plaintiff, the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. § 216(b) and NYSLL § 198(1-a).

e. Awarding Plaintiff pre- and post-judgment interest as provided for in NYSLL § 198(1-a), and;

f. Award Plaintiff statutory damages pursuant to NY State Labor Law wage notification requirements, and:

g. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury as to all issues in the above matter.

Dated: Brooklyn, NY
      June 18, 2020

                              HERIBERTO A. CABRERA & ASSOCIATES

                              Heriberto A. Cabrera, Esq.
                              *Attorneys for Plaintiff*
                              480 39th Street, 2nd Floor
                              Brooklyn, NY 11232