UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
WILFREDO BAQUEDANO,

              Plaintiff,

  -against-

JOSE MALDONADO d/b/a J's
CUSTOM CONTRACTING and J's
CUSTOM CONTRACTING INC.,

              Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-02728

*Appearances:*
*For the Plaintiff*:
HERIBERTO A. CABRERA, Esq.
Heriberto A. Cabrera & Associates
480 39th Street, 2nd Floor
Brooklyn, New York 11232

*For the Defendant*:
JASON J. ROZGER
Menken Simpson & Rozger LLP
80 Pine Street, 33rd Floor
New York, New York 10005

**BLOCK, Senior District Judge:**

      Plaintiff Wilfredo Baquedano ("Plaintiff") has sued Defendant Jose Maldonado d/b/a J's Custom Contracting and J's Custom Contracting, Inc., (together, "Defendants") to recover for numerous wage violations pursuant to state and federal law. Pursuant to F.R.C.P. 12(b)(6), Defendants move to dismiss Plaintiff's third cause of action—violation of the notice and recordkeeping requirements of the New York Labor Law—as the statute of limitations has run. For

1

the following reasons, Defendants' motion is granted.

## I.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the dates in a complaint show that an action is barred by the statute of limitations" a motion to dismiss may be granted under F.R.C.P. 12(b)(6). *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989).

Plaintiff was employed by the Defendants as a construction worker from 1997 to 2020. Plaintiff alleges several violations of state and federal labor law due to wage payments and policy.

Specifically, in his third cause of action, Plaintiff alleges that Defendants violated NYLL § 195(1), by failing to provide written notice, in English and Spanish (Plaintiff's native language), of the rate or rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the

employer's main office or principal place of business and a mailing address if different; and the telephone number of the employer.

NYLL § 195(1)(a) requires that this type of notice be provided to an employee "at the time of hiring." An action enforcing the law must be commenced within six years. NYLL § 198(3). Plaintiff was hired in 1997; the private right of action was established in 2011; and Plaintiff commenced this action in January 2020. Therefore, Plaintiff's third cause of action is dismissed as the statute of limitations has run.

## II.

In his opposition, Plaintiff refers to NYLL § 195(2) to argue that the motion should be denied. The Court disagrees.

NYLL § 195(2) requires notice of changes in the information listed in § 195(1) at least seven days prior to the changes, unless the employer "furnish[es] each employee with a statement with every payment of wages." NYLL § 195(2-3). However, Section 2 does not have a private right of action but, rather, is enforced by the commissioner of the Department of Labor. *See* NYLL § 198 (providing private remedies for subdivisions one and three, but not two); *Quartararo v. J. Kings Food Serv. Pros., Inc.*, No. 17-CV-7390 (RRM), 2021 WL 1209716, at *13 (E.D.N.Y. Mar. 31, 2021) ("Section 198 contains (and contained) no cause of action for a violation of the wage-change notice provision of 195(2)."). Further, Plaintiff's

complaint, which specifically cites to § 195(1), does not support a violation under § 195(2).

## CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED.

**SO ORDERED.**

                                                /S/ Frederic Block
                                                FREDERIC BLOCK
                                                Senior United States District Judge

Brooklyn, New York
June 15, 2022